UNITED STATES of America,

v.

**Kevin RUCKER, Appellant.**

No. 01–3742.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 20, 2002.

Decided Nov. 27, 2002.

Before BARRY and AMBRO, Circuit Judges and ACKERMAN,* District Judge.

OPINION

AMBRO, Circuit Judge.

### I. Background

Appellant Kevin Rucker, a previously convicted felon, was arrested on December 26, 2000, after a traffic stop. He subsequently pleaded guilty to possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Pre–Sentence Investigation Report recommended a two-level sentence enhancement under § 2K2.1(b)(4) of the U.S. Sentencing Guidelines ("U.S.S.G") because the gun found in Rucker's automobile at the time of his arrest was stolen. At Rucker's sentencing hearing, the Government offered an April 13, 1992 Wilkins-

---

* Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

burg, Pennsylvania police report showing that a handgun of the same make, model, and serial number as the gun in Rucker's possession at the time of his arrest had been stolen from Braverman's Gun Shop. Rucker offered no evidence or testimony to rebut the police report. Rather, he argued that a § 2K2.1(b)(4) enhancement was not supported by a preponderance of the evidence because the Government failed to establish that the gun was not returned to Braverman's Gun Shop after the 1992 theft. Therefore, according to Rucker, the Government failed to prove that the gun was stolen at the time of Rucker's arrest.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

At sentencing, the Government was required "to prove by a preponderance of the evidence the facts in support of a sentence enhancement. . . ." *United States v. Evans*, 155 F.3d 245, 253 (3d Cir.1998). On appeal, this Court reviews the District Court's factual determination whether the gun was stolen for clear error. *United States v. Katora*, 981 F.2d 1398, 1401 (3d Cir.1992).

## III. Discussion

U.S.S.G. § 2K2.1(b)(4) mandates a two-level sentence enhancement if any firearm in the offense charged has been stolen. The adjustment is based on strict liability. The defendant need not have stolen the weapon or even know or have reason to know that it was stolen. U.S.S.G. § 2K2.1(b)(4) cmt. n. 19.

In this case, the Government produced a police report to prove that the gun in Rucker's possession was stolen. Having made out a *prima facie* case, "the burden of production shift[ed] to the defendant . . . to come forward with evidence tending to cast doubt on the Government's evidence." *Evans*, 155 F.3d at 253. Rucker failed to produce that evidence. He merely criticized the Government for failing to conduct a follow-up investigation to determine whether the stolen gun had ever been returned to Braverman's Gun Shop. The Tenth Circuit has held, albeit in an unpublished opinion, that a police report is sufficient evidence that a gun was stolen for purposes of a § 2K2.1(b)(4) sentence enhancement. *See United States v. Wilson*, No. 97–8024, 1997 WL 784818, at *5–*6 (10th Cir. Dec. 22, 1997); *see also United States v. Polson*, 285 F.3d 563, 567 (7th Cir.2002) ("[W]hen the evidence submitted by the prosecution at trial contains 'sufficient indicia of reliability,' the defendant must come forward with some evidence other than an unsupported denial to establish its inaccuracy."); *United States v. Washington*, 146 F.3d 219, 222 (4th Cir. 1998) (rejecting the defendant's attempt "to raise a host of potential shortfalls [in a report that served as a basis for his sentence] that he cannot prove" because the defendant "fail[ed] to articulate a single concrete challenge"). Because Rucker produced no contrary evidence, we cannot say that the District Court committed clear error in finding that the Government had established, by a preponderance of the evidence, that the gun in Rucker's possession was stolen. Accordingly, we affirm.