**UNITED STATES of America**

v.

**Nicole HARRIS**

**No. CR. 03–244–03.**

United States District Court, W.D. Pennsylvania.

July 16, 2004.

James H. Love, Esquire, United States Attorney's Office, Pittsburgh, PA, for U.S.

Michael J. Novara, Esquire, Federal Public Defender's Office, Pittsburgh, PA, for Harris.

## MEMORANDUM OPINION

SCHWAB, District Judge.

As Justice Sandra Day O'Connor stated in her dissent in *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), it is difficult to read the majority opinion of Justice Antonin Scalia without coming to the conclusion that the United States Sentencing Guidelines are unconstitutional. This is the conclusion reached by most, although certainly not all, federal courts to have considered the issue.[1]

■ While not conceding that a decision striking down Washington's sentencing scheme would necessarily invalidate the United States Sentencing Guidelines, the Solicitor General of the United States filed an *amicus* brief in *Blakely* precisely because of the government's understandable concern that there was no constitutionally meaningful distinction between the federal sentencing guidelines and the Washington system. Brief for the United States as Amicus Curiae, *Blakely v. Washington*, Supporting Respondent Theodore B. Olson Solicitor General Counsel of Record, 29–30 ("It is nonetheless not certain that this Court would ultimately conclude that the differences between the Washington system and the federal Guidelines are of constitutional magnitude." The Sentencing Commission "is fully accountable to Congress, which can revoke or amend any or all of the Guidelines as it sees fit." *Mistretta*, 488 U.S. 361, 393–394, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Congress has in fact exercised its authority to amend the Guidelines. See PROTECT Act, Pub.L.

---

1. *Compare United States v. Booker*, 2004 WL 1535858, (7th Cir.2004); *United States v. Montgomery*, No. 03–5256, 2004 WL 1562904 (6th Cir.2004); *United States v. Croxford*, 2004 WL 1551564, *1 (D.Utah 2004); *United States v. Croxford*, 2004 WL 1521560, *3 (D.Utah 2004); *United States v. Lamoreaux*, No. 03–003990102crw, 2004 WL 1557283 (W.D.Mo. 2004); *United States v. Shamblin*, 2004 WL 1468561, *1 (S.D.W.Va.2004); *with United States v. Pineiro*, No. 03–30437, 2004 WL 1543170, 377 F.3d 464 (5th Cir.2004).

No. 108–21, § 401(b), (g), and (i), 117 Stat. 668–669, 671–673 (Apr. 30, 2003). Moreover, the Sentencing Commission exercises authority delegated by Congress, and the Guidelines are binding legislative rules. *See Stinson v. United States*, 508 U.S. 36, 42, 44–45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Thus, it is not entirely clear that the administrative nature of the Guidelines will insulate them from *Apprendi*.").

Moreover, Congress has explicitly provided that "the *court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4),* unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1) (emphasis added). The "range referred to in subsection (a)(4)" means "the kinds of sentence and the sentencing range established for—(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—(i) issued by the Sentencing Commission *pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress* (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28)..." 18 U.S.C. § 3553(a)(4) (emphasis added). The United States Sentencing Guidelines, therefore, might not be a pure "statute," but they surely are statutory and legislative, and the *Blakely* decision renders them unconstitutional.

And because the relevant conduct and enhancement provisions of the federal guidelines are an integral part of a multifaceted, interrelated mechanism, it is not possible to declare some parts unconstitutional but spare the remainder of the guidelines, leaving intact an incomplete and unintended skeleton. Thus this Court finds that the federal sentencing guidelines are an unseverable and unconstitutional whole.

█ Essentially, then, we are left with the pre-guidelines sentencing scheme, pursuant to which defendants will be sentenced in this Court unless and until Congress, the United States Supreme Court or the United States Court of Appeals for the Third Circuit informs us otherwise. There is one substantial caveat, however.

The plea agreement in this case was negotiated, drafted and executed on the assumption that the United States Sentencing Guidelines exist. The United States Attorney's letter to defense counsel of April 1, 2004, "sets forth the agreement" of the parties, including the fundamental premise that defendant "will be sentenced under the Sentencing Guidelines ... [and that the] facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court." That premise is no longer valid.

The United States Court of Appeals for the Third Circuit has made it quite clear that plea agreements are creatures of contract interpreted and enforced according to principles of contract law. *United States v. Bernard*, 373 F.3d 339, 345 (3d Cir.2004) ("[p]lea agreements are contractual and therefore are to be analyzed under contract law standards") (*quoting United States v. Gilchrist*, 130 F.3d 1131, 1134 (3d Cir.1997)); *United States v. Moscahlaidis*, 868 F.2d 1357, 1361 (3d Cir. 1989). Because the foundation of this plea agreement has been thoroughly eroded, the doctrine of frustration of purpose or impossibility of performance *may* render the agreement nugatory and unenforceable. *See* Restatement (Second) of Contracts § 261; *Specialty Tires of America,*

*Inc. v. The CIT Group/ Equipment Financing, Inc.,* 82 F.Supp.2d 434 (W.D.Pa. 2000); *Fort Washington Resources, Inc. v. Tannen,* 901 F.Supp. 932, 940–41 (E.D.Pa. 1995). *Perhaps* it would only render the contract *voidable,* not *void.*

Other principles of contract interpretation also come into play in this case, such as the doctrine of partial (if not, arguably, full) performance by one of the contracting parties, since defendant did in fact testify and the government did in fact secure a conviction against the brothers Askew in this prosecution, notwithstanding defendant's less than complete initial trial testimony. Thus, although the plea agreement *may* be void, the appropriate remedy is less clear.

The Court intended to have the parties brief these issues of contract analysis before deciding if the plea agreement could be enforced or implemented in whole or in part, and what to do if it could not. However, following the announcement of this *Blakely* ruling in open court, the government and defense counsel, and more importantly, defendant, chose to waive any *Blakely* rights and proceed to sentencing under the plea agreement and the sentencing guidelines.

██ Under *Bernard,* this Court has the "authority to accept a plea agreement stipulating to a sentencing factor or a provision of the sentencing guidelines that otherwise would not apply, or specifying a sentence that falls outside the applicable guidelines range. Once the District Court has accepted such an agreement, it is binding." *Bernard,* 373 F.3d at 344. By separate order entered July 15, 2004, the Court made rulings on pending objections to the Probation Office's calculation set forth in its addendum to the presentence investigation report, and at the end of the day sentenced defendant to the low end of the guidelines range calculated by the Probation Office, and an appropriate judgment sentence has been entered.

Thus, although this Court has declared the United States Sentencing Guidelines unconstitutional under *Blakely,* the sentence in this case ultimately was crafted under the guidelines, by agreement of the parties.

**IT IS SO ORDERED.**