

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2005

# USA v. Matthews

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4691

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Matthews" (2005). *2005 Decisions.* Paper 447.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/447

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4691
_____

UNITED STATES OF AMERICA,

v.

HENRY MATTHEWS,

Appellant.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 04-cr-00078)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2005

BEFORE:  ALITO, AMBRO, and LOURIE,[*] Circuit Judges.

(Opinion filed October 6, 2005)

_____

OPINION
_____

_____

    *  Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit,
sitting by designation.

LOURIE, Circuit Judge:

Henry Matthews appeals from the sentence entered by the United States District Court for the Western District of Pennsylvania following his conviction of being a felon in possession of a firearm. Because the District Court did not err in imposing the sentence and because a Booker remand is unnecessary, we affirm.

BACKGROUND

Appellant Matthews, previously convicted of a felony, was arrested in January 2004 after a traffic stop during which detectives discovered that he was in possession of a loaded 9mm handgun. In April 2004, a grand jury indicted Matthews on the charge of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He pled guilty to the offense at a September 2004 hearing and agreed to be sentenced. The District Judge expressly asked Matthews whether he understood his decision to accept a sentence pursuant to the U.S. Sentencing Guidelines ("U.S.S.G.") in light of the District Court's recent decision in United States v. Harris, 325 F. Supp. 2d 562 (W.D. Pa 2004), wherein it held that the Guidelines were unconstitutional under Blakely v. Washington, 124 S.Ct. 2531 (2004), but that the parties could nevertheless voluntarily agree to be sentenced under those Guidelines. Matthews indicated his understanding through his counsel, stating that he wanted "to proceed with the plea today." The Court accepted his guilty plea, finding that Matthews understood and knowingly waived his rights.

During the sentencing hearing, the Government offered a May 1995 report from the Mansfield (Ohio) Police Department that indicated that the firearm possessed by Matthews

2

had been stolen, but Matthews did not offer any evidence to refute the Government's proof. Accordingly, the Court considered the Presentence Investigation Report and applied U.S.S.G. § 2K2.1(b)(4) to increase the base offense level from 20 to 22 on the ground of a finding by a preponderance of the evidence that the firearm in question had been stolen. The Court also reduced the offense level by three levels to reflect acceptance of responsibility, resulting in a final adjusted offense level of 19. When combined with his category IV criminal history, Matthews' conduct met a sentencing range of forty-six to fifty-seven months in prison based on the Guidelines. The Court applied the Guidelines and imposed the minimum sentence of forty-six months.

Matthews filed a timely notice of appeal in December 2004. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

DISCUSSION

Because Matthews failed to raise a claim under United States v. Booker, 125 S.Ct. 738 (2005), in the District Court, we review his sentence for plain error. See Fed. R. Crim. P. 52(b); United States v. Vazquez, 271 F.3d 96, 99 (3d Cir. 2001) (en banc). Under that standard, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Vazquez, 271 F.3d at 99 (quoting Johnson v. United States, 520 U.S. 461, 466-67 (1997)). We find no error here.

We review legal questions regarding the sentencing guidelines <u>de novo</u>, but we apply the deferential clearly erroneous standard to the District Court's factual determinations. <u>United States v. Duliga</u>, 204 F.3d 97, 100 (3d Cir. 2000).

First, Matthews argues that this Court should remand for resentencing under the Supreme Court's decision in <u>Booker</u>, because he claims that the District Court violated his constitutional rights by applying a preponderance of the evidence standard instead of a reasonable doubt standard. Matthews also claims that the District Court treated the Guidelines as mandatory rather than advisory. The government responds that courts may apply the preponderance standard even after <u>Booker</u> because that case allowed judges to consult the Guidelines, which expressly permit determinations based on a preponderance of the evidence with respect to factual determinations. The government also argues that the District Court did not treat the Guidelines as mandatory, citing the Court's repeated admonitions to consider the effects of <u>Blakely</u> and <u>Harris</u>. It also asserts that Matthews twice waived his rights under <u>Blakely</u> in order to avoid a maximum sentence and that he should not be entitled to another chance after having received a minimum sentence.

We agree with the government that the District Court did not commit clear error by applying the Sentencing Guidelines to impose the forty-six-month sentence on Matthews. As the District Court noted, Matthews twice waived his rights under <u>Blakely</u>, with advice of counsel, and he agreed to be sentenced pursuant to the Guidelines.

This Court's decision in <u>United States v. Lockett</u>, 406 F.3d 207 (3d Cir. 2005), is on point with respect to waiver and it supports our decision. In that case, the defendant signed

4

a guilty plea waiving all but a few excepted circumstances for appeal. Id. at 210. We rejected the defendant's argument that remand was necessary in light of Booker because he had "voluntarily and expressly waived all rights to appeal or collaterally attack [his] convictions, sentence, or any other matter relating to this prosecution." Id. at 212-13. We held that "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of Booker." Id. at 214.

This case presents an even stronger argument against remand. That is because Matthews' waiver was even more specific, as the District Court expressly addressed Blakely and Harris in questioning Matthews, the latter of which cases effectively anticipated the Supreme Court's decision in Booker. Matthews had complete information and the advice of counsel with respect to the Sentencing Guidelines, and he knowingly entered into a plea agreement with the government. Remanding the case would destroy that original bargain struck between the parties, an agreement that Matthews entered into voluntarily. As we stated in Lockett, "[t]he possibility of a favorable change in the law occurring after a plea agreement is merely one of the risks that accompanies a guilty plea." Id. We thus hold that, under his plea agreement, Matthews waived his right to appeal his Booker claim.

Next, Matthews argues that the District Court erred by applying a two-level increase based on its finding by a preponderance of the evidence that the firearm was stolen. He alleges that the government evidence was not sufficient to establish that the firearm discovered in the possession of Matthews was in fact stolen. The government responds that

5

the District Court correctly determined that the government carried its burden of proof that the gun was stolen by a preponderance of the evidence by submitting the report from the Mansfield Police Department. It contends that Matthews failed to produce any contrary evidence and that the Court, in the absence of such rebuttal, did not commit clear error in its factual determination.

We agree with the government that the District Court properly determined that it met its burden of proof to establish that the firearm was stolen. Here, the government proved that the firearm recovered from Matthews matched the one listed in the report and that the report categorized the firearm as stolen. That was sufficient to establish a prima facie case, shifting the burden of production to Matthews to come forward with evidence contrary to the government's assertion. Instead of producing any contrary evidence, however, Matthews raised two arguments that were rejected by the District Court. He alleged that the gun could have been lost and that the police report was not reliable. The District Court properly relied on the content of the police report to dismiss the first argument, and police reports contain the necessary indicia of reliability for the purpose of sentence enhancement under U.S.S.G. § 2K2.1(b)(4). See United States v. Rucker, 61 Fed. Appx. 776, 777 (3d Cir. 2002); see also United States v. Paulino, 996 F.2d 1541, 1548 (3d Cir. 1993). We discern no clear error in the District Court's factual determinations, and we do not disturb them on appeal. Accordingly, we affirm the District Court.

6