745 So.2d 541 (1999)
STATE of Florida, Appellant,
v.
Carlos DELVALLE, Appellee.
No. 99-0981.
District Court of Appeal of Florida, Fourth District.
December 8, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellant.
Carlos Delvalle, Florida City, pro se.
PER CURIAM.
The State attempts to appeal the trial court's order granting the Defendant's 3.800(a) motion, even though the Defendant has yet to be resentenced. The State argues that this Court has jurisdiction to hear this appeal pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(M) and section 924.066(2) of the Florida Statutes. We disagree.
Rule 9.140(c)(1) enumerates several types of orders from which the State may appeal in a criminal case. Rule 9.140(c)(1)(M), the "catch-all" provision, allows the State to appeal an order "as otherwise provided by general law from final orders." Section 924.066(2) provides, *542 "Either the state or a prisoner in custody may obtain review in the next higher state court of a trial court's adverse ruling granting or denying collateral relief." Read in conjunction, Rule 9.140(c)(1)(M) and section 924.066(2) allow the State to appeal from a final order granting collateral relief.
Here, while the trial court has granted the Defendant's 3.800(a) motion, it has not and will not grant the Defendant any collateral relief until it resentences him. The order granting the Defendant's 3.800(a) motion is not a final order, as judicial labor, i.e., resentencing, is still required. Until the Defendant is resentenced, this Court cannot properly determine whether the trial court has erred. Accordingly, the State's appeal is dismissed without prejudice to the State to timely appeal the resentencing order.
APPEAL DISMISSED.
GUNTHER, KLEIN and STEVENSON, JJ., concur.