795 So.2d 1086 (2001)
Allen KING, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-1421.
District Court of Appeal of Florida, First District.
September 24, 2001.
Appellant, pro se.
Robert A. Butterworth, Attorney General; Robert L. Martin, Assistant Attorney General, Tallahassee, for Appellee.

ORDER DISCHARGING SHOW CAUSE
PER CURIAM.
The appellant challenges an order by which the trial court summarily denied all *1087 but one of the claims presented in the appellant's Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. As to the remaining claim, which related to the appellant's sentence, the trial court granted relief and, in conjunction therewith, imposed a new sentence. This case was initially set up in accordance with Florida Rule of Appellate Procedure 9.141(b)(2), which provides a streamlined procedure for appeals of orders that grant or deny postconviction relief without an evidentiary hearing, but we ordered the parties to show cause why the appeal should not be redesignated as a direct appeal following a resentencing and why jurisdiction should not be relinquished to the trial court for appointment of counsel. Although both parties suggested that the appellant's challenge to the resentencing could be redesignated and assigned a new case number, with the summary denial issues proceeding separately under the rule 9.140(b)(2) procedure, we have determined that the better course in these circumstances is to allow all of the appellant's challenges to remain in one case and to redesignate the appeal as a direct appeal from the new sentence.
We accordingly discharge the show cause order and redesignate this appeal as a direct appeal from the amended sentence filed July 11, 2000. Any challenges relating to the trial court's ruling on the rule 3.850 motion may be presented in this appeal. Jurisdiction is relinquished to the trial court for 30 days for appointment of counsel to represent the appellant in this appeal.
ALLEN, C.J., BROWNING and POLSTON, JJ., CONCUR.