911 So.2d 238 (2005)
Derrick LEWIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-223.
District Court of Appeal of Florida, Third District.
September 28, 2005.
*239 Derrick Lewis, in proper person.
Charles J. Crist, Jr., Attorney General, and Michele Samaroo, Assistant Attorney General, for appellee.
Before COPE, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant was charged by indictment with (1) first degree murder, which carried a mandatory life sentence; (2) armed burglary with an assault, which was punishable by life imprisonment; (3) first degree arson, punishable up to thirty years; and (4) unlawful possession of a weapon during commission of a felony, punishable up to fifteen years.
On November 24, 1993, based upon a negotiated plea with the State, the defendant pled guilty to the reduced charge of second degree murder, armed burglary, and first degree arson, in exchange for a sentence of forty years for the reduced charge of second degree murder, twenty years for each the burglary and arson charges, and the State nolle prossed the weapon charge. All sentences were ordered to run consecutively pursuant to the negotiated plea.
Since the defendant's plea, he has filed numerous motions over the past eleven years seeking post conviction relief:
 March 10, 1994: Motion to correct illegal sentence, which was denied on March 22, 1994.
 November 22, 1995: Motion to vacate based upon a claim of ineffective assistance of trial counsel, which was denied on January 29, 1996. (Motion for rehearing denied on February 29, 1996)(Per Curiam Affirmed on May 13, 1998).
 September 12, 1997: Motion to correct illegal sentence, denied on November 3, 1997 (Per Curiam Affirmed on February 13, 1998).
 August 14, 1998: Motion to correct illegal sentence, denied on September 8, 1998.
 December 17, 1998: Motion to vacate written sentencing order, denied on January 8, 1999.
 September 1, 1999: Motion to correct illegal sentence, denied on September 23, 1999 (Per Curiam Affirmed on January 23, 2000).
 December 26, 2000: Motion to correct illegal sentence, denied on January 12, 2001.
 January 2, 2002: Petition for Writ of Habeas Corpus, denied on March 24, 2002.
 June 26, 2002: Motion to correct illegal sentence, denied on August 15, 2002. (Per Curiam Affirmed on December 17, 2002).

*240  December 30, 2002: Petition for Writ of Habeas Corpus, denied on February 13, 2003. (Per Curiam Affirmed on July 4, 2004).
 September 8, 2004: Motion to vacate, set aside or correct sentence, denied December 21, 2004. (It is from the denial of this motion to which the defendant now appeals).
In this appeal, the defendant claims that the trial court illegally departed from the recommended guidelines, which provided for a maximum sentence of twenty-seven years, by not providing written reasons for the imposition of an upward departure. Additionally, he argues that the sentencing scheme in effect at the time that he was sentenced was unconstitutional based upon the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We conclude that these claims are procedurally barred and/or have no merit.
At the time the defendant committed these crimes and entered a plea of guilty and was sentenced, the sentencing scheme in effect provided for a recommended sentencing range and required a valid factual basis for an upward departure from that range.
The defendant was originally facing life imprisonment for first degree murder. Based upon the defendant's negotiated plea with the State, the State agreed to reduce the charge to second degree murder in exchange for the defendant's plea of guilty to the charges as modified and the sentences imposed. The plea colloquy reflects that the defendant entered into this negotiated plea knowingly, voluntarily, and intelligently. "A valid plea agreement constitutes clear and convincing grounds for the trial judge to impose a departure sentence." Maddox v. State, 760 So.2d 89 (Fla.2000). See also Holland v. State, 508 So.2d 5 (Fla.1987); Hosmer v. State, 523 So.2d 184 (Fla. 1st DCA 1988); Smith v. State, 519 So.2d 731 (Fla. 1st DCA 1988); Bass v. State, 496 So.2d 880 (Fla. 2d DCA 1986). Thus, we find that the sentences imposed, which departed from the recommended sentencing guidelines calculated based upon the reduction of the charges, constituted a valid departure.
As to the defendant's reliance upon Blakely v. Washington, this court has previously held that Blakely does not apply retroactively in collateral proceedings. As the defendant's convictions and sentences became final in 1993, and this is a collateral proceeding, Blakely is not applicable. See Burgal v. State, 888 So.2d 702 (Fla. 3d DCA 2004). Additionally, the defendant's agreement to the departure sentence he received removes his sentence from the scope of Blakely. See U.S. v. Harris, 325 F.Supp.2d 562 (W.D.Pa.2004); Higginbotham v. State, 826 N.E.2d 5 (Ind. App.2005).
Lastly, we address the fact that the defendant filed the instant motion pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. The defendant, however, may not challenge the sufficiency of the reasons for a departure in this manner as a departure sentence without written reason is not an illegal sentence. See Davis v. State, 661 So.2d 1193 (Fla.1995), receded from in part on other grounds, Carter v. State 786 So.2d 1173 (Fla.2001).
Affirmed.