PER CURIAM.
Christopher C. Dewees seeks a belated appeal of an amended judgment and sentence entered on June 6, 2006, nunc pro tunc, August 19, 1999. It appears that in 1999, Dewees was simultaneously sentenced in three cases involving two counts each. In response to a motion to correct *1269 illegal sentence, the circuit court entered its amended judgment and sentence in June 2006, deleting a conviction on one count and resentencing Dewees on the remaining five counts. In support of his request for a belated appeal, Dewees alleges that he was not present at resentencing, and did not receive the amended judgment and sentence until after the time for initiating an appeal had expired.
In response to an order to show cause, the state asserts that Dewees is not entitled to a belated appeal because he received the relief he sought pursuant to his motion to correct illegal sentence, and thus was not entitled to an appeal. We conclude, however, that because the trial court resentenced Dewees on the five remaining counts, he was entitled to a direct appeal of the amended judgment and sentence. Cf. King v. State, 795 So.2d 1086 (Fla. 1st DCA 2001). The state has not meaningfully disputed Dewees’ claim that he was precluded from taking an appeal as a consequence of the delay in his receipt of the amended judgment and sentence, and that circumstance is sufficient to warrant the granting of a belated appeal. Accordingly, the petition seeking a belated appeal of the amended judgment and sentence entered June 6, 2006, in Okaloosa County Circuit Court case numbers 95-CF-212, 95-CF-276, and 99-CF-234, is granted. Upon issuance of mandate in this cause, a copy of this opinion shall be provided to the clerk of the circuit court for treatment as a notice of appeal. See Fla. R.App. P. 9.141(c)(5)(D). If petitioner qualifies for the appointment of counsel, the lower tribunal shall appoint counsel to represent him on appeal.
WEBSTER, VAN NORTWICK, and PADOVANO, JJ., concur.