THOMAS, J.
 

 The appellant appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant argues that his life sentence for attempted first-degree murder exceeds the statutory maximum for a first-degree felony.
 

 Appellant specifically alleges that his conviction for attempted first-degree murder with a firearm was improperly enhanced from a first-degree felony to a life felony pursuant to section 775.087(1), Florida Statutes (1989), which calls for the enhancement of a first-degree felony to a life felony where a defendant carries, uses, displays or threatens to use a firearm, if the use of a firearm is not an essential element of that crime. He asserts that the state argued two theories of prosecution to obtain a conviction, one of which was attempted first-degree felony murder. Appellant also notes that he was convicted of attempted armed robbery, which was the underlying felony for the attempted felony murder theory of prosecution. He claims that an essential element of the underlying offense, attempted armed robbery, was possession or use of a firearm; thus, use of a firearm was an essential element of his attempted first-degree murder conviction. As such, he asserts that the reclassification of the crime and the resulting life sentence are illegal.
 
 See Traylor v. State,
 
 785 So.2d 1179 (Fla.2000) (holding that a trial court could not reclassify attempted first-degree murder conviction to a life felony based on the use of a deadly weapon where the verdict did not indicate whether the conviction was based on a premeditation or felony murder theory, and where the use of a weapon was an essential element of the underlying charge of armed robbery).
 

 The trial court denied the appellant’s motion as successive, noting that the appellant has filed seven prior motions to correct illegal sentence. Under Florida Rule of Criminal Procedure 3.800(a), a defendant is not entitled to successive review of a specific issue that has already been decided on the merits.
 
 See State v. McBride,
 
 848 So.2d 287, 291 (Fla.2003);
 
 Fuston v. State,
 
 764 So.2d 779 (Fla. 2d DCA 2000). In the instant case, the trial court attached numerous prior orders denying motions to correct an illegal sentence, but the trial court’s attachments do not demonstrate that the claim was ever addressed on the merits.
 

 The state reluctantly concedes that the court’s attachments do not demonstrate
 
 *728
 
 that the appellant’s claim has been denied on the merits. Thus, we reverse and remand for the trial court to attach portions of the record indicating that the appellant’s claim has been denied on the merits or to address the claim on the merits.
 
 See Walker v. State,
 
 998 So.2d 1196 (Fla. 1st DCA 2009).
 

 REVERSED and REMANDED with directions.
 

 KAHN and DAVIS, JJ., concur.