COPE, J.
 

 This is a State appeal of an order resen-tencing defendant-appellee Pompeyo F. Huerta on the basis of the defendant’s motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). As the defendant was not entitled to that relief, we reverse the resen-tencing order.
 

 In 1990, the defendant entered into a plea agreement whereby he pled guilty to the reduced charge of second-degree murder with a deadly weapon (count one), armed robbery with a deadly weapon (count two), and armed burglary with a deadly weapon (count three). Pursuant to the agreement, the trial court sentenced the defendant to fifty-nine years on each count, with all sentences to be concurrent.
 
 *
 

 In 2008, the defendant filed his motion to correct illegal sentence. He alleged that the sentence on each count exceeded the legal maximum. The trial court denied the motion as to count one, but granted the motion for counts two and three. The court entered corrected sentences on counts two and three which reduced the sentences on those counts to thirty years. The State has appealed.
 

 In his answer brief in this court, the defendant’s sole argument is that the State’s appeal is untimely. The order granting the motion to correct illegal sentence was entered on February 10, 2009. The corrected sentences were filed April 8, 2009. The State’s notice of appeal was filed on April 21, 2009. The notice of appeal is clearly timely with respect to the sentencing order.
 

 The defendant argues, however, that the State was required to file a timely notice of appeal with regard to the February 10 order granting the Rule 3.800(a) motion. No timely notice of appeal was filed with regard to that order. The defendant contends that the February 10 order was the relevant one, and that the State’s appeal to this court must be dismissed as untimely.
 

 We reject the defendant’s argument. The Fourth District has said that in this situation, the judicial labor is not completed until the defendant is resen-tenced.
 
 State v. Delvalle,
 
 745 So.2d 541,
 
 *885
 
 542 (Fla. 4th DCA 1999). The time for appeal did not begin to run until the resen-tencing order was entered. The appeal is timely.
 

 Turning to the merits, we agree with the State that the trial court was in error in granting relief on counts two and three. Count two was armed robbery with a deadly weapon, a knife, in violation of section 812.13, Florida Statutes (1989). Robbery with a deadly weapon is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment.
 
 Id.
 
 § 812.13(2)(a). Accordingly, fifty-nine years is a legal sentence for count two.
 

 Count three was armed burglary of an occupied conveyance with a knife. The offense of armed burglary of an occupied conveyance is a first-degree felony punishable by imprisonment for a term of years not exceeding life.
 
 Id.
 
 § 810.02(2)(b). A fifty-nine-year sentence is within the legal maximum.
 

 The defendant also complained that his sentences were in excess of the guidelines maximum. We agree with the trial court in rejecting that claim, although our reasons differ from those of the trial court. First, where there is a plea agreement on the conviction and length of sentence to be imposed, in this case fifty-nine years, the sentencing guidelines are not applicable.
 
 Quarterman v. State,
 
 527 So.2d 1380, 1382 (Fla.1988);
 
 see also Maddox v. State,
 
 760 So.2d 89, 107 (Fla.2000). Second, the defendant maintains that his sentences exceed the guidelines maximum. Such a claim is not cognizable under Rule 3.800(a) so long as the sentences do not exceed the legal maximum.
 
 Davis v. State,
 
 661 So.2d 1193, 1196 (Fla.1995),
 
 receded from in part on other grounds, Carter v. State,
 
 786 So.2d 1173, 1181 n. 7 (Fla.2001);
 
 Lewis v. State,
 
 911 So.2d 238, 240 (Fla. 3d DCA 2005). As already stated, the sentences here are within the legal maximum.
 

 Although the defendant has not cross-appealed, the State conceded below that he is entitled to have his sentence on count one reduced to forty years. That is so because count one is a life felony. Under the statute in effect at the time of the crime, any sentence to a term of years for a life felony could not exceed forty years. § 775.082(3)(a), Fla. Stat. (1989). On remand the defendant is entitled to a sentence reduction on count one pursuant to the State’s concession.
 

 In conclusion, we reverse the sentencing orders now before us and remand the case to the trial court with directions to vacate the sentencing orders on count two and three which were filed April 8, 2009, and with directions to reduce the sentence on count one to forty years.
 

 Reversed and remanded for further proceedings consistent herewith.
 

 *
 

 The crime date was alleged to be between October 23 and October 26, 1989.