*936
 
 WELLS, Judge.
 

 Robert Jimenez appeals an order denying his motion to correct an illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a), arguing that he is entitled to be resentenced under the 1994 sentencing guidelines under
 
 Heggs v. State,
 
 759 So.2d 620 (Fla.2000). The lower court denied the motion as successive, finding that the issue previously had been denied by the lower tribunal and affirmed on appeal by this Court. However, our review of the record on this issue, including Jimenez’ prior postconviction motions; the lower court’s orders on those motions; and the appellate record of both this and his prior appeals, indicates that while Jimenez may have raised the
 
 Heggs
 
 issue previously, the lower court never ruled on it, and this Court has never considered it. Therefore, we find that the motion is not successive, and that it is appropriate for us to address the issue on the merits.
 

 Jimenez was arrested on August 27, 1996, for trafficking in heroin, and subsequently was convicted by a jury in October 1998 of trafficking in illegal drugs in violation of section 893.135(l)(c) of the Florida Statutes (1995). The sentencing score-sheet, prepared using the 1995 sentencing guidelines, provided a sentencing range of 82.5 months to 137.5 months in prison; however, Florida law required that Jimenez serve a twenty-five year mandatory minimum imprisonment.
 
 See
 
 893.135(l)(c)l.c, Fla. Stat. (1995) (providing that persons trafficking in “28 grams or more, but less than 30 kilograms” of heroin “shall be sentenced to a mandatory minimum term of imprisonment of 25 calendar years and pay a fine of $500,000”). The lower court ultimately sentenced the defendant to thirty years in prison with a twenty-five year mandatory minimum imprisonment, but gave no reason for imposition of a sentence beyond the mandatory minimum.
 

 In the instant postconviction motion, Jimenez does not challenge the twenty-five year mandatory minimum imprisonment that he received under section 893.135(l)(c)l.c; but, he argues instead that the thirty-year sentence constitutes an invalid departure sentence without written reasons. Ordinarily, we would find that such a claim could not be raised for the first time on a Rule 3.800(a) motion.
 
 See State v. Huerta,
 
 38 So.3d 883, 885 (Fla. 3d DCA 2010) (citing
 
 Davis v. State,
 
 661 So.2d 1193, 1196 (Fla.1995),
 
 receded from, in part on other grounds, Carter v. State,
 
 786 So.2d 1173, 1181 n. 7 (Fla.2001)). Indeed, this Court previously denied this very claim when Jimenez raised it outside the context of entitlement to resentencing under the 1994 guidelines under
 
 Heggs. See Jimenez v. State,
 
 27 So.3d 670 (Fla. 3d DCA 2010). However, because Jimenez was sentenced under guidelines that were later invalidated by the Florida Supreme Court,
 
 see Heggs,
 
 759 So.2d at 624-28; because Jimenez committed his crime within the two-year window period (October 1, 1995 through May 24, 1997) for seeking postconviction relief under
 
 Heggs, see Trapp v. State,
 
 760 So.2d 924, 928 (Fla.2000); and because the trial court could not impose a thirty-year sentence under the 1994 guidelines without giving reasons for a departure,
 
 [1]
 

 see
 
 § 921.0016(l)(c), Fla. Stat. (1994); we find that Jimenez is entitled to relief in this instance.
 

 
 *937
 
 Accordingly, we reverse the order on review and remand this case to the lower court with instructions that Jimenez be resentenced utilizing the 1994 sentencing guidelines. The twenty-five year mandatory minimum sentence required by section 893.135(l)(c)l.c will, however, remain.
 

 Reversed and remanded with instructions.
 

 [1]
 

 . The sentencing range provided by a score-sheet prepared under the 1994 guidelines is lower than the range set forth in scoresheet prepared under the 1995 guidelines, notwithstanding the twenty-five year minimum mandatory imprisonment required by section 893.135(l)(c)l.c.