PER CURIAM.
 

 This is the second time that Appellant has appealed an order ruling on the same underlying rule 3.800(a) motion. In
 
 Jordan v. State,
 
 32 So.3d 727 (Fla. 1st DCA 2010), we reversed and remanded the order denying the motion because the trial court failed to attach documents conclusively refuting Appellant’s facially sufficient claim. Upon remand the trial court granted the motion and stated that a separate hearing would be held to resentence Appellant. Before resentencing, however, the trial judge passed away.
 

 Seventy-seven days after the order granting the motion was entered, the State filed a motion for reconsideration raising the same arguments it had raised prior to the first judge’s granting the motion. Over Appellant’s objection, the second judge reconsidered and then denied the motion. Appellant timely appealed.
 

 Appellant argues that the second judge lacked jurisdiction to reconsider the order entered by the first judge. We issued a Toler
 
 [1]
 
 order directing the State to show cause why the second judge’s order should not be quashed and the case remanded for resentencing in accordance with the first judge’s order because the State’s motion for reconsideration was untimely under rule 3.800(b)(1)(B).
 
 [2]
 
 The State filed a response “conceding] that the motion for reconsideration was untimely and the court was therefore without jurisdiction to rule upon it.”
 

 We accept the State’s concession of error. The order entered by the first judge granting Appellant’s rule 3.800(a) motion was a final order because it brought the postconviction proceeding to an end.
 
 See State v. White,
 
 470 So.2d 1377 (Fla.1985) (explaining that the state may appeal an order granting postconviction relief because the order brings the collateral proceeding to an end);
 
 and cf. Jones v. State,
 
 35 so.3d 69 (Fla. 1st DCA 2010) (explaining that a resentencing after a successful rule 3.800(a) motion is a de novo proceeding);
 
 but cf. State v. Huerta,
 
 38 So.3d 883 (Fla. 3d DCA 2010);
 
 Adams v. State,
 
 949 So.2d 1125 (Fla. 3d DCA 2007);
 
 State v. Rudolf,
 
 821 So.2d 385 (Fla. 2d DCA 2002);
 
 State v. Delvalle,
 
 745 So.2d 541 (Fla. 4th DCA 1999). Accordingly, the order was subject to challenge only by way of a
 
 timely
 
 motion for rehearing or an appeal.
 
 Cf. Lormeus v. State,
 
 10 So.3d 190 (Fla. 4th DCA 2009) (noting that an order granting the defendant’s rule 3.800(a) motion was not final for double jeopardy purposes because the state filed a timely motion for rehearing under rule 3.800(b)(1)(B)); § 924.066(2), Fla. Stat. (authorizing both the state and the prisoner to appeal an adverse ruling granting or denying collateral relief).
 

 Here, as the State properly concedes, the motion seeking reconsideration of the first judge’s order was not timely filed and, thus, the second judge lacked jurisdiction to consider the motion. Accordingly, we quash the order on appeal and remand with directions that the trial court reinstate the first judge’s order granting Appellant’s postconviction motion and then resentence Appellant.
 

 
 *597
 
 QUASHED and REMANDED with directions.
 

 MARSTILLER and SWANSON, JJ„ concur; WETHERELL, J., concurs in result only.
 

 [1]
 

 .
 
 Toler
 
 v.
 
 State,
 
 493 So.2d 489 (Fla. 1st DCA 1986).
 

 [2]
 

 . This rule provides in pertinent part: "A party may file a motion for rehearing of any order entered under subdivisions (a) and (b) of this rule within 15 days of the date of service of the order or within 15 days of the expiration of the time period for filing an order if no order is filed.”