ORDER DISMISSING APPEAL
BENTON, C.J.
Lawrence Dewayne Slocum appeals an order denying in part the motion he filed pursuant to Florida Rule of Criminal Procedure 3.850. We dismiss as untimely his appeal from the order finally deciding his claims for collateral relief.
Collateral proceedings began with a motion challenging convictions and sentences under Rule 3.850, and ended on July 27, 2011, when the postconviction court entered the order granting the motion in part and denying it in part: The court denied all relief as to the convictions, but set aside the sentences. In addition to disposing of all claims set out in the motion, the circuit court’s order appointed the Office of Regional Counsel to represent the movant as the defendant in the original case when he appeared for resentencing.
After resentencing in the original case, which occurred on October 19, 2011, counsel perfected an appeal by notice of appeal filed on November 7, 2011. Then, on November 17, 2011, Mr. Slocum filed another notice of appeal pro se, which reflected an intention to appeal, not only the resentenc-ing, but the order of July 27, 2Ó11, as well, insofar as it had denied collateral relief (although the notice of appeal referenced an apocryphal order purportedly denying collateral relief on October 19, 2011). New appointed counsel filed a brief raising only one issue, an issue going, not to the resen-tencing, but to the postconviction court’s summary denial of a claim stated in the Rule 3.850 motion.
When we ordered Mr. Slocum to show cause why his appeal from denial of collateral relief should not be dismissed as untimely, counsel argued that the November 7 notice of appeal
created jurisdiction to review not only the resentencing necessitated by the partial grant of relief on Slocum’s motion for postconviction relief, but also the July 27, 2011, partial denial of post-conviction relief. See King v. State, 795 So.2d 1086 (Fla. 1st DCA 2001) (concluding that “the better course” in appeals in this posture is to allow all of the appellant’s challenges to remain in one case and to redesignate the appeal as a direct appeal from the new sentence”).
But King v. State, 795 So.2d 1086 (Fla. 1st DCA 2001), does not control here. Our holding[1] in King applies only when the *913 appeal is both timely as to the resentenc-ing and timely as to the order denying the motion for postconviction relief.
The July 27, 2011 order denying relief in part and granting relief in part conclusively resolved all of Mr. Slocum’s postconviction claims, and finally concluded collateral proceedings.[2]
An order denying in part and granting in part relief ... marks the end of the judicial labor which is to be expended on the motion, and the order is final for appellate purposes.... [I]f the part of the motion which is granted requires subsequent action on the principal case under attack, such as resentencing, [there is] no jurisdictional impediment imposed by the appeal from the postcon-viction motion to prevent that action.
Cooper v. State, 667 So.2d 932, 933 (Fla. 2d DCA 1996). We have held that “resen-tencing [in the original case] is a de novo proceeding,” Jones v. State, 35 So.3d 69, 70 (Fla. 1st DCA 2010), legally discrete from the collateral proceeding.
Because no notice of appeal was filed within thirty days of the order disposing of the appellant’s postconviction claims, and no issue has been raised regarding the resentencing, we are without jurisdiction to hear this appeal. For that reason, we dismiss the appeal.
Dismissed.
CLARK and MAKAR, JJ., concur.

. The trial court summarily denied all but one of the claims in King's 3.850 motion, but *913 granted relief on one claim and imposed a new sentence. King v. State, 795 So.2d 1086, 1087 (Fla. 1st DCA 2001). King’s appeal “was initially set up in accordance with Florida Rule of Appellate Procedure 9.141(b)(2), which provides a streamlined procedure for appeals of orders that grant or deny postcon-viction relief without an evidentiary hearing.” Id. When we ordered the parties to show cause why the appeal should not be redesig-nated a direct appeal following a resentencing and why we should not relinquish jurisdiction to the trial court for appointment of counsel, both parties suggested that King’s "challenge to the resentencing could be redesignated and assigned a new case number, with the summary denial issues proceeding separately under the rule 9.140(b)(2) procedure.’’ We felt instead "that the better course in these circumstances is to allow all of the appellant's challenges to remain in one case and to redes-ignate the appeal as a direct appeal from the new sentence.” Id. When we stated that ”[a]ny challenges relating to the trial court's ruling on the rule 3.850 motion may be presented in this appeal,” id., the result was to afford the appellant counsel on all issues. But there was never any question concerning the timeliness of the notice of appeal from the order denying collateral relief in part.

. See Jordan v. State, 81 So.3d 595, 596 (Fla. 1st DCA 2012) (order granting Jordan's 3.800(a) motion and ordering a separate hearing for resentencing held to be a final order). But see State v. Huerta, 38 So.3d 883, 884-85 (Fla. 3d DCA 2010) (state's time for appeal began to run once resentencing occurred, not when the court granted 3.800(a) motion).