**Daryl GERMAN, Appellant,**

v.

**STATE of Florida, Appellee.**

No. 4D16–1064.

District Court of Appeal of Florida,
Fourth District.

Nov. 9, 2016.

Daryl German, South Bay, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Daryl German appeals an order denying his Florida Rule of Criminal Procedure 3.800(a) motion, which contended his two life sentences are illegal due to an error with the guidelines scoresheet. The trial court initially granted the motion in part and denied it in part, but the court later granted a motion for reconsideration filed by the State. We reverse and remand for the trial court's original order to be reinstated because the State's motion for reconsideration was untimely.

On October 29, 2013, the trial court entered an order denying appellant's motion as to count two but granting it as to count one and ordering him to be resentenced thereupon. More than a year after entry of this order but before resentencing, the State filed a motion for reconsideration. In its motion, the State raised the same argument it advanced prior to the court's granting of relief as to count one.

At a hearing on the State's motion for reconsideration, appellant argued that the State's motion was untimely and cited *Jordan v. State*, 81 So.3d 595 (Fla. 1st DCA 2012), for support. *See* Fla. R. Crim. P. 3.800(b)(1)(B) (providing that either party may file a motion for rehearing within 15 days of the date of service of a signed, written order under rule 3.800(a)). The successor judge nevertheless granted rehearing and denied relief as to both counts. This appeal ensued.

In its response, the State does not show that its motion for rehearing was timely filed. Pursuant to *Jordan*, we reverse and remand for the October 29, 2013 order to be reinstated because the State's motion for rehearing was untimely and, therefore, the trial court was without jurisdiction to consider it. 81 So.3d at 596 (quashing, upon the State's concession, an order entered upon an untimely motion for rehearing). The trial court should resentence

appellant on count one using a corrected scoresheet.

We affirm on the remaining issues raised by appellant. The trial court has consistently denied relief as to count two since October 2013. Accordingly, appellant's present challenge to the denial of relief is untimely. *See Taylor v. State,* 140 So.3d 526, 528–29 (Fla.2014). Regardless, the trial court sentenced appellant in count two as a habitual violent felony offender, rendering the guidelines scoresheet inapplicable. *See Cooper v. State,* 902 So.2d 945, 947 (Fla. 4th DCA 2005). Finally, appellant cannot raise a double jeopardy claim attacking his convictions under rule 3.800(a). *Henry v. State,* 920 So.2d 1204, 1205 (Fla. 4th DCA 2006).

*Affirmed in part, reversed in part, and remanded.*

WARNER, LEVINE and CONNER, JJ., concur.