IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JACK THOMAS CURRIE,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-5578

Opinion filed May 31, 2017.

An appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

Jack Thomas Currie, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant has filed a rule 3.800(a) motion in which he argues that because he was a juvenile when he committed the offense of sexual battery with a firearm

and received a life sentence with the possibility of parole, he is entitled to be resentenced pursuant to Atwell v. State, 197 So. 3d 1040 (Fla. 2016), and Henry v. State, 175 So. 3d 675 (Fla. 2015). We disagree. Appellant was afforded a meaningful opportunity to obtain release and, in fact, was released on parole when he was 25 years old. He then violated parole and was reincarcerated. The Florida Commission on Offender Review has assigned him a presumptive parole release date, and he continues to be considered for release on parole. We therefore conclude he is not entitled to be resentenced because he has not received the functional equivalent of a life sentence. He has already been released once, and he has the potential to be released again. Thomas v. State, 78 So. 3d 644, 646 (Fla. 1st DCA 2012) (discussing that while some sentences "may become the functional equivalent of a life sentence, we do not believe that situation has occurred in the instant case").

AFFIRMED.

WOLF, RAY, and BILBREY, JJ., CONCUR.