DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LARRY ROGERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3686

[July 5, 2017]

Appeal of order denying rule 3.800(a) motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 70023823CF10A.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Larry Rogers timely appeals the trial court's order denying his rule 3.800(a) motion, where he alleged that his sentence is unconstitutional under *Graham v. Florida*, 560 U.S. 48 (2010). We affirm, because Rogers has not shown a violation of the Eighth Amendment under *Graham*.

In 1972, Rogers was convicted of robbery, an offense he committed at the age of seventeen. He was sentenced to life in prison with the possibility of parole. After spending seven years in prison, Rogers was released on parole. Rogers was reincarcerated in 1979 when he violated his parole by committing robbery with a deadly weapon at the age of twenty-eight. He was released on parole again in 1990, but was reincarcerated again after violating his parole by committing grand theft in 1999.

Rogers claims that he is serving a *de facto* life without parole sentence for a nonhomicide crime committed as a juvenile in violation of the Eighth Amendment as interpreted by *Graham* and *Henry v. State*, 175

So. 3d 675 (Fla. 2015). He requests resentencing pursuant to chapter 2014-220, Laws of Florida, which is the proper remedy for a *Graham* violation. *Henry*, 175 So. 3d at 680.

Because Rogers was released on parole, he cannot show a violation of the Eighth Amendment under *Graham*, which held that:

> A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants like Graham some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. . . . It bears emphasis, however, that while the Eighth Amendment prohibits a State from imposing a life without parole sentence on a juvenile nonhomicide offender, *it does not require the State to release that offender during his natural life.*

*Graham*, 560 U.S. at 75. (emphasis added).

A juvenile offender who has actually been released from a prison sentence has received more than what *Graham* requires. Rogers had an opportunity for release and was in fact released from prison twice on parole. He has not shown that his sentence violates the Eighth Amendment under *Graham*, and he is not entitled to resentencing.[1] *See Currie v. State*, No. 1D16-5578, 2017 WL 2350119, at *1 (Fla. 1st DCA May 31, 2017) (reaching a similar conclusion for different reasons).

*Affirmed.*

WARNER, GROSS and KLINGENSMITH, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We decline to reach Rogers' argument that his discretionary sentence of life with the possibility of parole is unconstitutional under the holding of *Landrum v. State*, 192 So. 3d 459 (Fla. 2016). This issue was not raised in the motion filed below and is not properly raised for the first time in this appeal.