NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT STERN,                         )
                                      )
          Appellant,                  )
                                      )
v.                                    )     Case No. 2D17-2718
                                      )
STATE OF FLORIDA,                     )
                                      )
          Appellee.                   )
_____ )

Opinion filed March 9, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; Neil A. Roddenbery, Judge.

Robert Stern, pro se.


MORRIS, Judge.

          Robert Stern appeals the summary denial of his motion to correct illegal

sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  We affirm for

the reasons expressed below.

          In February 2017, Stern filed his 3.800(a) motion, claiming that his life

sentence for sexual battery is illegal under Graham v. Florida, 560 U.S. 48 (2010), Miller

v. Alabama, 567 U.S. 460 (2012), and Atwell v. State, 197 So. 3d 1040 (Fla. 2016).  He

alleged that he was sixteen years old when the offense was committed in 1967 and that his sentence of life in prison for a nonhomicide offense is illegal.

The postconviction court denied Stern's motion, concluding that the law he relies upon is not applicable to him:

> [Stern] does not claim or state that his sentence is in anyway comparable to Atwell's, such that his sentence is the practical equivalent of a life sentence without the possibility of parole. However, as the state's response and attachment's show, [Stern] *has* actually been released on parole on two prior occasions, and has a current presumptive parole release date approximately 10 years from the date of this order. [Stern's] sentence not only has actually provided him with multiple meaningful opportunities for release, but continues to do so. Therefore, Atwell and the preceding case law upon which it was based are not applicable to [Stern].

In Graham, the Supreme Court held that a juvenile's sentence of life in prison without the possibility of parole for a nonhomicide offense is unconstitutional. 560 U.S. at 74. In Miller, the Supreme Court further held that a sentencing scheme that mandates a juvenile's sentence of life in prison without the possibility of parole for a homicide offense is unconstitutional. 132 S. Ct. at 2469. In Henry v. State, 175 So. 3d 675, 680 (Fla. 2015), the Florida Supreme Court held that Graham prohibited an aggregate ninety-year juvenile sentence for a nonhomicide offense because it did not afford a meaningful opportunity for the juvenile to obtain release. In Atwell, 197 So. 3d at 1050, the Florida Supreme Court held that a juvenile's mandatory sentence of life in prison for murder, with the possibility of parole after twenty-five years, was unconstitutional because his presumptive parole release date under the applicable parole guidelines was not for 140 years and his sentence thus resembled a mandatorily-imposed sentence of life without parole.

The above holdings are not applicable to Stern because he was sentenced to life in prison with the possibility of parole *and* he was released on parole twice. Recently, the Third District rejected the same claim that Stern made in his rule 3.800(a) motion. See Rooks v. State, 224 So. 3d 272 (Fla. 3d DCA 2017). The defendant in Rooks pleaded guilty to sexual battery in 1971 and was sentenced to life in prison with the possibility of parole. He was released on parole twice but violated parole and returned to prison. Id. at 273. He claimed he was entitled to resentencing under Graham/Miller and Atwell/Henry. The Third District noted that Miller and Graham "established the threshold which must be met before an Eighth Amendment challenge can be raised in this context: the juvenile offender must be sentenced to life without the possibility of parole." Id. at 275. The court concluded that the defendant could not meet this threshold "because he was not sentenced to life *without* parole, but rather was sentenced to life *with* parole." Id. at 276.

Turning to Atwell and Henry, the Rooks court held that those Florida cases were distinguishable because the defendants in those cases received either an "effective life without parole sentence" or an "aggregate ninety-year sentence which failed to afford a meaningful opportunity for early release during his natural life." Id. at 278. The Rooks court noted that "the parole system and guidelines applicable to Rooks provided broader discretion in determining whether and when he would be released," as evidenced by his release after serving only eight-and-a-half years of his life sentence. Id. The court reasoned that

> [i]t would appear contrary to both logic and jurisprudence to
> hold that this case is controlled by the Graham/Miller or
> Henry/Atwell line of cases, given that Rooks cannot make
> the threshold showing that he received a life without parole

> sentence, a sentence that effectively resembles a life without parole sentence, or a sentence that failed to afford him a meaningful opportunity to obtain early release during his natural life.
>
> Because Rooks' sentence cannot satisfy this threshold, we conclude that it is not subject to Eighth Amendment challenge under Graham/Miller or Henry/Atwell.

Id. at 279 (footnote omitted); see also Vennisee v. State, 42 Fla. L. Weekly D2170 (Fla. 3d DCA Oct. 11, 2017) (holding that defendant sentenced as a juvenile to life in prison with possibility of parole was not entitled to relief where he had been released on parole and his parole was revoked because he committed a new offense as an adult).

The First and Fourth Districts held similarly in Currie v. State, 219 So. 3d 960 (Fla. 1st DCA 2017), and Rogers v. State, 223 So. 3d 281 (Fla. 4th DCA 2017).  In Currie, the defendant was sentenced to life in prison with the possibility of parole for the offense of sexual battery with a firearm.  219 So. 3d at 960.  The First District rejected his claim that he was entitled to be resentenced under Atwell and Henry because he "was afforded a meaningful opportunity to obtain release and, in fact, was released on parole when he was 25 years old" and even though he was reincarcerated, "he continue[d] to be considered for release on parole."  Id. at 960.  In Rogers, 223 So. 3d at 281, the defendant was sentenced to life in prison with the possibility of parole for the offense of robbery.  He was released on parole twice, both times ending back up in prison for new offenses.  The Fourth District held that his sentence was not unconstitutional; he had "received more than what Graham requires" because "he had an opportunity for release and was in fact released from prison twice on parole."  Id. at 282.

We adopt the reasoning in <u>Rooks</u>, <u>Rogers</u>, and <u>Currie</u> and hold that Stern is not entitled to resentencing for his nonhomicide offense because he has already been provided an opportunity for release. The postconviction court properly denied his rule 3.800(a) motion.

Affirmed.

NORTHCUTT and SILBERMAN, JJ., Concur.