# Third District Court of Appeal

## State of Florida

Opinion filed June 20, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1436
Lower Tribunal No. 72-5943
_____

**Ronnie Bruce,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and LAGOA and LUCK, JJ.

ROTHENBERG, C.J.

In 1972, Ronnie Bruce ("Bruce") was convicted after a jury trial of robbery, assault with the intent to commit murder, and unlawful possession of a firearm while engaged in a criminal offense, and he was sentenced to life in prison with the possibility of parole. Because Bruce was a juvenile at the time he committed these offenses, he filed a motion to vacate his sentence on April 27, 2017, arguing that, based on the Florida Supreme Court's decisions in Atwell v. State, 197 So. 3d 1040 (Fla. 2016), Kelsey v. State, 206 So. 3d 5 (Fla. 2016), and Johnson v. State, 215 So. 3d 1237 (Fla. 2017), his life with parole sentence for a non-homicide offense committed as a juvenile was unlawful. The trial court found that because Bruce was released on parole in 2016 and is still at liberty on parole, his sentence is not unconstitutional, and, therefore, Bruce was not entitled to postconviction relief. We agree and affirm.

Our affirmance is controlled by this Court's decisions in Vennisee v. State, 235 So. 3d 947 (Fla. 3d DCA 2017), and Rooks v. State, 224 So. 3d 272 (Fla. 3d DCA 2017), and supported by Rogers v. State, 223 So. 3d 281 (Fla. 4th DCA 2017), and Currie v. State, 219 So. 3d 960 (Fla. 1st DCA 2017). In each of these cases, the defendant was a juvenile at the time the offense was committed, sentenced to life in prison with the possibility of parole, and paroled. And in each of these cases, because the defendant was provided with a meaningful opportunity to obtain release and was actually released on parole, it was determined that Miller

v. Alabama, 567 U.S. 460 (2012), Graham v. Florida, 560 U.S. 48 (2010), and Atwell, 197 So. 3d 1040 (Fla. 2016), were not implicated and that, therefore, the defendant was not entitled to resentencing because the sentence was not cruel and unusual under the Eighth Amendment. See Vennisee, 235 So. 3d at 951.

Bruce's appellate counsel concedes that the trial court's ruling and this Court's decision on appeal is controlled by Rooks (and is now also controlled by Vennisee, which was issued after Bruce's initial brief was filed), which mandates an affirmance in this case. He, however, noted that Rooks had petitioned the Florida Supreme Court to review this Court's decision, and the Florida Supreme Court had not rendered a decision on whether to accept jurisdiction of his case. Thus, Bruce's appellate counsel requests that if this Court affirms the trial court's order, that we place Bruce's case "in the pipeline" for review before the Florida Supreme Court. However, subsequent to the filing of Bruce's initial brief, the Florida Supreme Court declined to accept jurisdiction in Rooks. See Rooks v. State, SC17-1342 (Fla. Dec. 4, 2017). The Florida Supreme Court has also declined to accept jurisdiction in Vennisee. See Vennisee v. State, SC18-221 (Fla. May 25, 2018).

We therefore affirm the trial court's order denying Bruce's motion for postconviction relief on the authority of Vennisee and Rooks.

Affirmed.

3