# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-191
_____

LESTER SIMMONS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

May 16, 2019

ROWE, J.

In 1967, Lester Simmons was convicted for the rape of an adult woman. He was fifteen years old when he committed the offense. Simmons pleaded guilty in exchange for the prosecutor's agreement not to recommend a sentence of death.[1] The victim

_____

[1] At the time, the death penalty could be imposed for the offense. Ten years later, the United States Supreme Court held that a sentence of death for rape of an adult woman was unconstitutional. *Coker v. Georgia*, 433 U.S. 584 (1977). Then in 2005, the Court held unconstitutional the imposition of the death penalty on an offender who was under the age of eighteen when he committed the offense. *Roper v. Simmons*, 543 U.S. 551 (2005).

testified at the sentencing hearing that Simmons surreptitiously entered her home and raped her. The trial court sentenced Simmons to life with the possibility of parole.

For Simmons, the possibility of parole was realized—he was granted parole twice and spent nearly eighteen years on parole, before his parole was revoked for a second time. Then, in 2016, almost fifty years after his sentence became final, Simmons moved for postconviction relief under Florida Rule of Criminal Procedure 3.800(a). Simmons argued that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment, relying on *Graham v. Florida*, 560 U.S. 48 (2010), and *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016). In *Graham*, the United States Supreme Court held that it was a violation of the Eighth Amendment to sentence a juvenile to life imprisonment without the possibility of parole for a nonhomicide offense because juveniles were entitled to a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham*, 560 U.S. at 75. The Supreme Court extended this reasoning to juveniles sentenced to a mandatory term of life imprisonment for a homicide offense. *Miller v. Alabama*, 567 U.S. 460, 479 (2012). In *Atwell*, the Florida Supreme Court relied on *Graham* and *Miller* to hold that a juvenile homicide offender's sentence of mandatory life imprisonment with the possibility of parole was unconstitutional because Florida's parole system did not provide for the individualized consideration of a juvenile's demonstrated maturity and rehabilitation. *Atwell*, 197 So. 3d at 1048-50.

Simmons argued that his sentence of life with the possibility of parole did not afford him a meaningful opportunity for release based on a demonstration of his maturity and rehabilitation. The postconviction court ordered the State to respond to Simmons' motion. The State responded, conceding that *Atwell* entitled Simmons to resentencing. The court granted Simmons' motion and ordered resentencing under the juvenile sentencing provisions enacted in chapter 2014-220, Laws of Florida, which have been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes.

2

But before resentencing occurred, the court learned of changes in the law casting doubt on whether Simmons should be resentenced. In *Currie v. State*,[2] this Court held that a sentence of life *with* the possibility of parole, like the one Simmons received, was not the functional equivalent of a life sentence *without* the possibility of parole when the defendant was in fact released on parole. 219 So. 3d 960, 960 (Fla. 1st DCA 2017). We concluded that Currie was not entitled to resentencing under *Atwell*. *Currie*, 219 So. 3d at 960.

After being advised of *Currie*, the postconviction court directed the parties to address whether Simmons' sentence was lawful. The court heard arguments from the parties and determined that Simmons' sentence of life with the possibility of parole was permissible under *Currie* and similar intervening decisions by other district courts.[3] Seven months after granting Simmons' postconviction motion, the court entered an order rescinding its original order and denying the motion. Simmons appealed the second order, arguing that he was entitled to resentencing. We agree.

Because the order granting resentencing became final when neither party moved for rehearing or appealed the order, the trial court had no authority to enter a second order rescinding the original order. This Court has twice held that an order on a motion for postconviction relief is final and appealable even when resentencing has not occurred. *See Slocum v. State*, 95 So. 3d 911 (Fla. 1st DCA 2012); *Jordan v. State*, 81 So. 3d 595 (Fla. 1st DCA

---

[2] A year later, a plurality of Florida's supreme court reached the same conclusion. *State v. Michel*, 257 So. 3d 3 (Fla. 2018) (holding that a juvenile's life sentence with the possibility of parole after twenty-five years' imprisonment was not cruel and unusual punishment).

[3] *Vennissee v. State*, 235 So. 3d 947 (Fla. 3d DCA 2017); *Wright v. State*, 225 So. 3d 360 (Fla. 1st DCA 2017); *Rooks v. State*, 224 So. 3d 272 (Fla. 3d DCA 2017); *Rodgers v. State*, 223 So. 3d 281 (Fla. 4th DCA 2017).

2012). And the supreme court has agreed. *See Taylor v. State*, 140 So. 3d 526 (Fla. 2014).

In *Jordan*, we addressed for the first time whether a postconviction order granting resentencing is final when resentencing has not yet occurred. There, the postconviction court granted Jordan's rule 3.800(a) motion and ordered resentencing. *Jordan*, 81 So. 3d at 596. But the judge passed away before resentencing the defendant. *Id.* Seventy-seven days after the order granting relief was entered, the State moved for reconsideration of the order. *Id.* A successor judge reconsidered the order and denied the motion. *Id.* On appeal, because the motion for reconsideration was untimely, this Court held that the order granting resentencing was final and the successor judge lacked jurisdiction to reconsider it. *Id.*

We next considered the finality of a postconviction order in *Slocum*. There, the court denied Slocum's postconviction challenge to his convictions while granting resentencing. *Slocum*, 95 So. 3d at 912. The court appointed counsel to represent Slocum at a resentencing hearing that occurred more than thirty days after the court granted Slocum's postconviction motion. *Id.* After resentencing, a timely notice of appeal was filed. *Id.* Slocum's pro se notice reflected that he was appealing the portion of the court's order that denied the challenges to his convictions. *Id.* In conformity with his notice of appeal, the initial brief challenged only the summary denial of a claim for postconviction relief, not the resentencing. *Id.* Relying on *Jordan*, we determined that the court's order on the postconviction motion became final when neither party moved for rehearing. *Id.* at 913. Because Slocum did not appeal within thirty days of the date the postconviction order was entered and because the initial brief did not challenge the resentencing, this Court dismissed the appeal for lack for jurisdiction. *Id.*

More recently, the supreme court, in *Taylor*, accepted review of a case from the Fifth District that conflicted with *Slocum*. *Taylor*, 140 So. 3d at 527. The question presented was "whether an order disposing of a postconviction motion which partially denies and partially grants relief is a final order for purposes of appeal, when the relief granted requires subsequent action in the

4

underlying case, such as resentencing." *Id.* The supreme court answered the question in the affirmative, holding that unlike an order denying a claim in a postconviction motion and granting an evidentiary hearing on a different claim, an order denying relief in part and granting it in part is a final, appealable order because it marks the end of judicial labor on the postconviction motion. *Id.* at 528-29. The court rejected the State's argument that "permitting a postconviction appeal to proceed separately from a resentencing appeal will encourage piecemeal litigation because, as we have previously explained in other cases, postconviction proceedings and resentencing proceedings are separate, legally discrete proceedings." *Id.* at 529. The supreme court held that an "order partially denying and partially granting a motion for postconviction relief was a final appealable order, even though resentencing remained to be completed in the underlying case." *Id.*

Simmons argues that the postconviction court lacked jurisdiction to rescind its order granting Simmons' postconviction motion. The State concedes that the original order was a final, appealable order. But the State contends that the lower court could still revisit its ruling on the postconviction motion because Florida Rule of Criminal Procedure 3.192 provides: "Nothing in this rule precludes the trial court from exercising its inherent authority to reconsider a ruling while the court has jurisdiction of the case." This reading of the rule overlooks the preceding sentence that expressly provides that the rule does not apply to rule 3.800(a) proceedings. Fla. R. Crim. P. 3.192. Because Simmons sought postconviction relief under rule 3.800(a), rule 3.192 did not authorize the postconviction court to reconsider its earlier ruling.

The order granting Simmons' postconviction motion was a final, appealable order because it brought an end to the judicial labor on the motion. *Taylor*, 140 So. 3d at 528-29; *Slocum*, 95 So. 3d at 912; *Jordan*, 81 So. 3d at 596. The finality of the order was not delayed because neither party moved for rehearing or reconsideration of the order. *See* Fla. R. Crim. P. 3.800(b)(1)(B) (authorizing either party to file a motion for rehearing within fifteen days of the service of a signed, written order entered under rule 3.800(a)). Nor did either party appeal the order. Because the

original order was final, the trial court lacked jurisdiction[4] to enter a second order rescinding the original order and denying resentencing. We thus quash the order on appeal and remand with directions that the trial court reinstate the order granting Simmons' rule 3.800(a) motion. The trial court should then resentence Simmons to a lawful sentence. Simmons urgues us to direct the court on remand to conduct a de novo resentencing under chapter 2014-220, Laws of Florida. Because the postconviction court did not previously rule on the proper sentence to be imposed at resentencing, we decide only the jurisdictional issue before us.

QUASHED and REMANDED with directions.

KELSEY, J., concurs; BILBREY, J., concurring with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

BILBREY, J., concurring.

I agree with the majority that the order on appeal must be reversed. Under existing case law, as discussed by the majority opinion, the trial court was unable to rescind the March 2017 resentencing order once the order became final. The fact that the December 2017 order appears to me to be a correct statement of the law does not change the consideration.

_____

[4] The jurisdictional defect here is procedural in nature, not one affecting the court's subject matter jurisdiction. *See 14302 Marina San Pablo Place SPE, LLC v. VCP-San Pablo, Ltd.*, 92 So. 3d 320, 321 (Fla. 1st DCA 2012) (Ray, J. concurring) (discussing the distinctions among subject matter jurisdiction, case jurisdiction, continuing jurisdiction, and procedural jurisdiction).

6

I write separately to note that when Simmons is resentenced, "the decisional law effective at the time of the resentencing applies." *State v. Fleming*, 61 So. 3d 399, 400 (Fla. 2011). Unless the law changes before resentencing, the current decisional law is that the Eighth Amendment is not violated when a defendant sentenced for a nonhomicide offense committed as a juvenile has an opportunity for parole. *See Franklin v, State,* 258 So. 3d 1239, 1241 (Fla. 2018). This is especially so where an offender, like Simmons, "was afforded a meaningful opportunity to obtain release and, in fact, was released on parole." *Currie v. State,* 219 So. 3d 960, 960 (Fla. 1st DCA 2017). I therefore believe that the trial court can, if it chooses, legally reimpose the same sentence.

———————————————

Andy Thomas, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.