# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-5224

_____

STATE OF FLORIDA,

Appellant,

v.

SHELTON JACKSON,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

_____

No. 1D18-5246

_____

STATE OF FLORIDA,

Appellant,

v.

JACKIE LEE COGDELL,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Bruce Anderson, Judge.

_____

No. 1D18-5247
_____

STATE OF FLORIDA,

    Appellant,

    v.

CARNELL ERNEST GRAYER,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Bruce Anderson, Judge.


_____

No. 1D19-0111
_____

STATE OF FLORIDA,

    Appellant,

    v.

KENNETH LOWE,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Steven B. Whittington, Judge.

2

_____

No. 1D19-0122
_____

STATE OF FLORIDA,

    Appellant,

    v.

ALEXANDER JONES,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Steven B. Whittington, Judge.

_____

No. 1D19-0124
_____

STATE OF FLORIDA,

    Appellant,

    v.

DARNELL SMITH,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Steven B. Whittington, Judge.

3

July 22, 2019


PER CURIAM.

Appellees in these cases, which we consolidate for disposition, were each sentenced to life in prison for offenses committed as juveniles and were all later granted resentencing pursuant to *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016) (holding that a juvenile life sentence with the possibility of parole violates the Eighth Amendment as it is effectively a life sentence without parole under Florida's statutory parole process). The State did not appeal the orders granting resentencing. Prior to any of the Appellees being resentenced, the Florida Supreme Court issued an opinion in *State v. Michel*, 257 So. 3d 3 (Fla. 2018), which implicitly overruled *Atwell*, finding that a juvenile offender's life sentence with the possibility of parole after 25 years does not violate the Eighth Amendment because the juvenile has a meaningful opportunity to receive parole. The Florida Supreme Court later held similarly in *Franklin v. State*, 258 So. 3d 1239 (Fla. 2018).

After the mandate issued in *Michel* but before *Franklin* became final, the State filed in each case a motion to rescind the order that granted resentencing. The State argued that the change in the law effected by *Michel* warranted this relief. Alternatively, the State sought to stay resentencing until the opinion in *Franklin* became final. In each case, the circuit court denied the State's motion, finding that it lacked jurisdiction to rescind the order granting resentencing. The State then appealed. Appellees now file motions to dismiss arguing that this Court lacks jurisdiction to review the orders denying the State's motions to rescind. We agree that the orders are not appealable. The State's right to appeal in a criminal case is wholly dependent on statutory authorization, and this Court must construe the statute narrowly. *Exposito v. State*, 891 So. 2d 525, 527-28 (Fla. 2004). The plain language of sections 924.066 and 924.07, Florida Statutes (2018), does not authorize these appeals.

The State argues that the orders denying the motions to rescind are appealable as orders granting postconviction relief. *See* § 924.066(2), Fla. Stat. (2018); Fla. R. App. P. 9.140(c)(1)(J).

4

However, the postconviction relief in these cases had already been granted in the orders granting resentencing. As the circuit court has noted in the orders now appealed, the time for the State to seek review of the orders granting resentencing was within 30 days after those orders were rendered. The orders granting resentencing are now final. *Simmons v. State*, 2019 WL 2128216, *2 (Fla. 1st DCA 2019); *Jordan v. State*, 81 So. 3d 595, 596 (Fla. 1st DCA 2012). Rather than granting postconviction relief, the orders denying the State's motions to rescind merely found that the circuit court lacked jurisdiction to reconsider the orders granting resentencing.

The State also argues that the orders denying its motions to rescind are appealable as orders imposing an illegal sentence. *See* § 924.07(1)(e), Fla. Stat. (2018); Fla. R. App. P. 9.140(c)(1)(M). We reject this argument as resentencing has not yet taken place. Once the Appellees are resentenced, the State may appeal any sentence that it believes to be illegal.

Accordingly, these appeals are DISMISSED.

LEWIS, ROBERTS, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Ashley Moody, Attorney General, Tabitha R. Herrera and Kaitlin Weiss, Assistant Attorneys General, Tallahassee, for Appellant.

Charlie Cofer, Public Defender, and Elizabeth Hogan Webb, Assistant Public Defender, Jacksonville, for Appellees.