DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TROY HAMILTON SCOTT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3682

[November 20, 2019]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Michael C. Heisey, Judge; L.T. Case No. 471985CF000256A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant Troy Scott appeals an order denying his motion to vacate sentence based on *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), and *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). We reverse and remand upon accepting the State's concession that the issue is controlled by our decision in *Jones v. State*, 279 So.3d 172 (Fla. 4th DCA 2019).

In *Jones*, the defendant moved for resentencing based on *Miller* and *Graham*. *Jones*, 279 So. 3d at 173. The trial court granted the motion and ordered resentencing. Significantly, the State did not seek rehearing or appeal. Before resentencing occurred, and after a change in the law, the State changed its position and objected to Jones's resentencing. *See Franklin v. State*, 258 So. 3d 1239 (Fla. 2018); *State v. Michel*, 257 So. 3d 3 (Fla. 2018), *cert. denied*, —— U.S. ——, 139 S. Ct. 1401, 203 L. Ed.2d 630 (2019). The circuit court agreed with the State and vacated the order granting resentencing. *Jones*, 279 So. 3d at 173.

We reversed that order in *Jones* because the circuit court lacked jurisdiction to reconsider the earlier order granting resentencing. *Id.* at 174 (citing *Simmons v. State*, 274 So. 3d 468 (Fla. 1st DCA 2019) (holding that the trial court lacked jurisdiction to rescind an order granting resentencing once it became a final, appealable order, and neither party timely moved for rehearing of the order under Florida Rule of Criminal Procedure 3.800(b)(1)(B)).

As in *Jones*, we reverse the order on appeal and remand with directions that the trial court reinstate the order granting appellant's rule 3.800(a) motion. The trial court should then resentence appellant to a lawful sentence. As in *Jones*, we decline to address the substantive challenges appellant raises as to the current sentencing law.

*Reversed and remanded with instructions.*

WARNER, TAYLOR and GERBER, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***