IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KENNETH WRIGHT,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2337

Opinion filed August 10, 2017.

An appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

Kenneth Wright, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The appellant challenges the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds one through three of the appellant's motion. However, we reverse and remand the denial of ground four for the trial court to give the appellant an opportunity to plead a facially sufficient claim.

According to the appellant's allegations, he was convicted of robbery in 1974, for a crime that he committed as a juvenile, and was sentenced to life in prison. In ground four of his motion, the appellant alleged that his life sentence for robbery violates the Supreme Court's holding in Miller v. Alabama, 132 S. Ct. 2455 (2012), which forbids mandatory life without parole sentences for juvenile offenders who commit homicide. However, Miller does not apply because the appellant was not sentenced to a mandatory term of life in prison for a homicide offense. The appellant is really challenging his sentence under Graham v. Florida, 560 U.S. 48 (2010), which held that the constitutional prohibition on cruel and unusual punishments prevents a juvenile offender from being sentenced to life in prison for a nonhomicide offense without having a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. Here, the appellant has failed to allege that he has never been released on parole and that he has no meaningful opportunity for release within his lifetime based upon demonstrated maturity and rehabilitation. See Currie v. State, 42 Fla. L. Weekly D1238a (Fla. 1st DCA May 31, 2017) (holding that a defendant sentenced to life in prison for a sexual battery committed when he was a juvenile was not entitled to relief pursuant to Graham where he was released on parole when he was 25 years old and was then reincarcerated, and where the Commission on Offender Review has assigned him a presumptive parole release date, as the defendant was afforded

2

a meaningful opportunity to obtain release); <u>Rooks v. State</u>, 42 Fla. L. Weekly D1573a (Fla. 3d DCA July 12, 2017) (holding that a defendant who was released on parole and violated the parole is not entitled to resentencing under Florida's newly-enacted juvenile sentencing law). We reverse and remand for the lower court to give the appellant an opportunity to allege that he has never been released and has no meaningful opportunity to obtain release within his lifetime based on demonstrated maturity, if he can do so in good faith.

AFFIRMED in part, REVERSED in part, and REMANDED in part with directions.

WOLF, RAY, and MAKAR, JJ, CONCUR.