# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1063

_____

RICHARD DAY,

>    Appellant,

>    v.

STATE OF FLORIDA,

>    Appellee.

_____

On appeal from the Circuit Court for Clay County.
Michael S. Sharrit, Judge.

March 18, 2019

WINSOR, J.

In 1978, Richard Day pleaded guilty to a murder he committed shortly before his eighteenth birthday. According to Florida Parole Commission records, Day went to the victim's home, crushed her skull with a broken-off table leg, and stabbed her twenty times. The court sentenced Day to life in prison.

In 1991, Day was paroled and left prison. He later violated the terms of his parole by absconding and failing to pay costs. He returned to prison in 1994 but was paroled again in 1995. The State then transferred his supervision to Alabama, where Day chose to live. But he violated parole there too, this time by testing positive for drugs. He returned to prison in 2000, where he remains.

Day moved for postconviction relief, arguing that his original life sentence violated *Miller v. Alabama*, which held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. 460, 479 (2012). He argues that he is entitled to a new sentence under Florida's recently revised juvenile sentencing laws, which the Legislature enacted in response to *Miller* and *Graham v. Florida*, 560 U.S. 48 (2010). *See* § 921.1401, Fla. Stat.; *see also Horsley v. State*, 160 So. 3d 393, 394 (Fla. 2015). The trial court denied relief, and Day now appeals.

The Florida Supreme Court has held that *Miller* can apply even when the life sentence was not mandatory. *See Landrum v. State*, 192 So. 3d 459, 460 (Fla. 2016). The juvenile in *Landrum*, like Day, was convicted of second-degree murder, meaning the life sentence was discretionary. *Id.* Nonetheless, Day cannot succeed because he cannot show his sentence precluded any meaningful opportunity for release in his lifetime. As the Florida Supreme Court recently held, Florida's parole process "fulfills *Graham*'s requirement that juveniles be given a 'meaningful opportunity' to be considered for release during their natural life based upon 'normal parole factors.'" *Franklin v. State*, 258 So. 3d 1239, 1241 (Fla. 2018) (citation omitted) (quoting *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1729 (2017)). Indeed, Florida's parole process led to Day's actual release—more than once. *Cf. Currie v. State*, 219 So. 3d 960, 960 (Fla. 1st DCA 2017) ("Appellant was afforded a meaningful opportunity to obtain release and, in fact, was released on parole when he was 25 years old."); *see also State v. Michel*, 257 So. 3d 3, 7 (Fla. 2018) (plurality) ("Michel's sentence does not violate *Graham* or *Miller* because Michel was not sentenced to life without the possibility of parole."); *Wright v. State*, 225 So. 3d 360, 361 (Fla. 1st DCA 2017) (for successful postconviction motion based on *Graham*, appellant must "allege that he has never been released and has no meaningful opportunity to obtain release within his lifetime" (citing *Currie*)).

Day argues that his case is different because the violations that ended his parole were "technical violations." But the issue is not what led to a paroled offender's return to prison, but whether the original sentence was lawful. And the original sentence was lawful if it afforded a meaningful opportunity for release within

Day's lifetime, which it did.[*] We reject any contention that the specifics of Day's subsequent parole violations undermine the legality of his original sentence. *See Franklin*, 258 So. 3d at 1241. Therefore, the trial court correctly denied relief.

AFFIRMED.

ROWE and BILBREY, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Andy Thomas, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Frank X. Moehrle, Assistant Attorney General, Tallahassee, for Appellee.

---

[*] Although not at issue here, *Miller* does not categorically bar life-without-parole sentences for juveniles guilty of homicide. *See* 567 U.S. at 479.

3